IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* LAURIE SIMPSON, | : : : | |
| Plaintiff, | : : | MISCELLANEOUS ACTION |
| v. | : : | |
| BAYER CORPORATION, et al., | : : | NO. 16-207 |
| Defendants. | : : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                          December 15, 2016

This miscellaneous action is an attempt to quash a subpoena served upon a nonparty in <u>United States ex rel. Simpson v. Bayer Corp.</u>, a case in the United States District Court for the District of New Jersey. Plaintiff-relator opposes the motion to quash and argues it should be transferred to the district court in New Jersey. In light of the exceptional circumstances in this case, I will transfer the motion to quash to the United States District Court for the District of New Jersey.

**I.      BACKGROUND**

The underlying case here is a False Claims Act *qui tam* action currently pending in the United States District Court for the District of New Jersey. The action alleges that the defendants, certain prescription drug companies, unlawfully marketed and promoted the pharmaceutical drugs Trasylol and Avelox.[1] The relator, Laurie Simpson, was a former

---

[1] Trasylol was approved by the FDA for the purpose of preventing excess bleeding during heart surgery. Avelox is a powerful antibiotic.

1

employee of defendant Bayer Corporation. Along with Ms. Simpson, twenty-one (21) states have joined this action as plaintiffs. The case has been pending in the District of New Jersey for over ten years.

In October 2016, plaintiff-relator served a subpoena on Geisinger Medical Center seeking data and information related to Geisinger's use of Trasylol and Avelox.[2] Geisinger then filed the instant motion to quash. Geisinger is not a party to the *qui tam* action and neither is the Commonwealth of Pennsylvania. Plaintiff-relator has served ten subpoenas on other nonparty hospitals in various geographic locations and intends to file additional subpoenas seeking similar information from nonparties.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 45 sets forth rules and guidelines for subpoenas that are served on nonparties. See Fed. R. Civ. P. 45. It also permits a court that did not issue such a subpoena to transfer a motion to "the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The "issuing" court is the court where the action is pending. Fed. R. Civ. P. 45(a)(2).[3] Rule 45(f) attempts to strike a balance between the protection of "local nonparties" and the reality that "transfer to the court where the action is pending is sometimes warranted." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment, subdivision (f).

---

[2] Plaintiff-relator served Geisinger at one of its locations in Danville, Pennsylvania. Because the subpoena sought information located in Allentown, Pennsylvania, Geisinger filed the instant motion to quash here in the Eastern District of Pennsylvania instead of the Middle District of Pennsylvania.

[3] In this case, then, the issuing court is the United States District Court for the District of New Jersey.

The proponent of transfer under Rule 45(f) bears the burden of demonstrating that there are exceptional circumstances. Id. Exceptional circumstances may arise in a case where the issuing court has "already ruled on issues presented by the motion." Id. They may also arise when "the same issues are likely to arise in discovery in many districts." Id. Because Rule 45 focuses on the burden to local nonparties, when a motion is transferred under this rule, courts are encouraged to utilize telecommunications methods in resolving the matter. Id.

### III.  DISCUSSION

Exceptional circumstances in this case warrant transfer of the motion to quash to the issuing court in the District of New Jersey. These circumstances outweigh any potential burden on Geisinger, thereby making transfer proper.

Rule 45 makes clear that one of the potential "exceptional circumstances" warranting transfer could be that "the same issues are likely to arise in discovery in many districts." Id. That situation is present here as plaintiff-relator has informed the court that it has already served ten subpoenas to nonparties all over the country. Having managed this case for over a decade, the issuing court in New Jersey certainly has a strong interest (as do all the parties) in ensuring the uniformity of rulings regarding nonparties' possession of information related to Trasylol and Avelox.

Courts have routinely found exceptional circumstances that warrant transfer when there is a risk that the courts will enter orders inconsistent with those entered by the judge presiding over the case. See Parks, LLC v. Tyson Foods, Inc., Misc. A. No. 15–634, 2015 WL 5008255, at *2 (W.D. Pa. Aug. 20, 2015) ("[The issuing] court's familiarity, and the

3

risk that this court will reach a ruling that is inconsistent with the [issuing court's] ruling on already pending discovery motions, are exceptional circumstances that warrant transfer of this matter to that court."); In re Caesar's Entertainment Operating Co., 558 B.R. 156, 158 (W.D. Bankr. 2016) (noting that "the need for efficiency, uniformity and orderliness to the discovery process" constitute exceptional circumstances under Rule 45(f)). Contrary to Geisinger's position, the fact that the issuing court has not yet ruled on any motions to quash does not eliminate the likelihood that it will soon face a flurry of such motions via transfer from other district courts.[4]

The unique complexity of this underlying action also militates in favor of transfer. Specifically, the subpoena served on Geisinger requests dozens of highly specific categories of information, including Geisinger's patients' names, dates of birth, lengths of hospital stays, names of the patients' treating physicians, and discharge dispositions of the patients. (Doc. No. 1 at 36–42). Plaintiff-relator has served subpoenas to various other nonparties "requesting the same information as in the present subpoena." (Doc. No. 3 at 4). Given the volume of complex and nuanced information these subpoenas request, the issuing court presiding over the action should decide the motions to quash. Ruling otherwise, and deciding this motion to quash, could have a lasting negative effect on the underlying *qui tam* action if such a ruling turned out to be at odds with the issuing court's rulings on the same issues.

---

[4] Geisinger states that plaintiff-relator has not identified any similar motions to quash in any other district. Geisinger does not dispute, however, that plaintiff-relator has recently served ten subpoenas on nonparties and intends on serving more. This is different than the case Geisinger relies on in which transfer was denied because the proponent was unable to show that discovery issues are "likely to recur." Garden City Employees' Retirement Sys. v. Psychiatric Solutions, Inc., Misc. A. No. 13–238, 2014 WL 272088, at *3 (E.D. Pa. Jan. 24, 2014). With nearly a dozen identical subpoenas having been served on nonparties, the issues present in Geisinger's motion to quash are certainly likely to recur here.

Finally, I am not persuaded that Geisinger would be burdened by litigating this motion in the District of New Jersey. Unlike other transfer cases involving drastic geographical disparities, here, Philadelphia and New Jersey are very close by. Indeed, counsel for Geisinger has an office located in the exact same city that the issuing court is located and where this underlying case has been pending for ten years. Any minimal burden on Geisinger could easily be alleviated, especially in this day and age when "there are now various ways in which the burdens on remote nonparties can be ameliorated, including the use of telephonic or video conferencing." Green Pet Shop Enterprises, LLC v. Maze Innovations, Inc., Misc. A. No. 16–894, 2016 WL 5936892, at *2 (W.D. Pa. Oct. 12, 2016).

### IV.   CONCLUSION

For the foregoing reasons, this matter will be transferred to the United States District Court for the District of New Jersey for adjudication by the Judge presently presiding over the matter.

An appropriate Order follows.